IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,          ORDER

    v.          09-cr-91-wmc-1

RONALD L. RUDD, JR.,

          Defendant.

A hearing on the probation office's petition for judicial review of Ronald L. Rudd's supervised release was held on May 26, 2017, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita Rumbelow. The defendant was present in person and by counsel Shelley M. Fite. Also present was Senior U.S. Probation Officer Michael J. Nolan.

## FACTS

From the record I make the following findings of fact. On February 8, 2010, the defendant was sentenced by the Honorable Lynn Adelman in the Western District of Wisconsin, following his conviction for felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). The offense was a Class A felony at that time. The defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 180 months, with a three-year term of supervised release to follow. On October 13, 2015, the defendant's sentence was vacated under 28 U.S.C. § 2255 in light of the holdings in *United States v. Johnson*, 135 S. Ct. 2551 (2015), and *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015). At the time of sentencing, the defendant met the criteria under the Armed Career Criminal Act codified at 18 U.S.C. § 924(e), but not after

1

the Supreme Court's decision in *Johnson*. On November 18, 2015, the defendant was resentenced with his offense reclassified as a Class C felony consistent with *Johnson* and *Price*. The defendant was then sentenced to time served, with a three-year term of supervised release to follow. On December 7, 2015, the defendant began his term of supervised release in the Western District of Wisconsin.

The defendant violated Standard Condition No. 9, requiring him to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Specifically, he failed to notify his probation officer as required after his October 11, 2016, arrest by the Beloit Police Department. The defendant also violated Special Condition No. 14, prohibiting him from the use of illegal drugs and requiring him to submit drug testing, when (1) on July 19, 2016, he provided a urine specimen that tested positive for benzodiazepines, which in combination with likely alcohol use can be lethal; and (2) he failed to report to provide a urine specimen as instructed on August 8 and September 5, 2016.

On October 12, 2016, the defendant was charged in Rock County, Wisconsin, Circuit Court with attempted first-degree intentional homicide in Case No. 16CF2032. While there is information suggesting that the case may be dismissed in the near future, this court is unable to make any finding as to this alleged violation. The state court will determine the appropriate disposition based on the merits of that case, and it is not the basis for any action on the pending petition for judicial review.

The defendant's most serious conduct falls into the category of a Grade C violation. Under §7B1.3(a)(2), the Court may revoke or extend the term of supervision or modify the conditions of supervised release upon a finding of a Grade C violation. While the government contends that the defendant's conduct makes revocation mandatory under 18 U.S.C. § 3583(g)(3), the court does

not agree that two missed drug tests <u>necessarily</u> constitutes a refusal to comply with drug testing, although any further missed tests may.

## CONCLUSIONS

The defendant's violations do not warrant revocation, at this time, but the defendant has not made adequate progress in addressing his pattern of criminal thinking, his social network, and his alcohol and drug use. Accordingly, the three-year term of supervised release imposed on February 8, 2010, and amended on November 18, 2015, will be CONTINUED subject to the following, additional special condition:

> The defendant shall remain in custody until the probation officer is able to inspect and approve his proposed living arrangement and line up acceptable supplemental AODA assessment and programming. The defendant shall again attempt to seek funding to cover the costs of treatment, however participation in treatment does not require payment by the defendant unless it is clear he can afford it. Defendant shall continue submitting to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

## ORDER

IT IS ORDERED that the probation office's petition for judicial review is STAYED for sixty (60) days and the period of supervised release imposed at the time of defendant's sentencing on February 8, 2010, and amended on November 18, 2015, is CONTINUED. All of the previously imposed mandatory and discretionary conditions of supervision shall remain in effect except as amended by this order. If the special condition set forth above is not satisfied and the defendant released subject to his compliance by Friday, June 2, 2017, the court will again meet

with the parties and probation officer at 1:00 p.m. on that date. Barring further court order, this judicial review proceeding will be deemed closed as of July 28, 2017.

Entered this 30th day of May, 2017.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge